Joyce W. Lindauer
State Bar No. 21555700
Sarah M. Cox
California State Bar No. 245475
Jamie N. Kirk
State Bar No. 24076485
Jeffery M. Veteto
State Bar No. 24098548
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SUNRISE TRUCKING INC.,** | § | **CASE NO. 17-40860-btr** |
| | § | |
| Debtor. | § | Chapter 11 |

**DEBTOR'S EMERGENCY MOTION FOR APPROVAL**
**OF POST-PETITION FINANCING**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

**COMES NOW** SunRise Trucking Inc.**,** the Chapter 11 Debtor in the above-styled and referenced bankruptcy case (the "Debtor"), and files this its Emergency Motion for Approval of Post-Petition Financing pursuant to 11 U.S.C. § 364 of the Bankruptcy Code and in support of same would respectfully show the following:

1. On April 27, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has been appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Debtor owns and operates a trucking company.

4. Debtor has an immediate need to use the post-petition financing provided by Apex Capital Corp. ("the Lender"), the Debtor's secured creditor that claims a lien on Debtor's accounts receivables. The financing to be provided is factoring of accounts receivable. The Debtor had a pre-petition factoring agreement with Lender and desires to continue such relationship to maintain a steady cash flow from Debtor's clients. Attached hereto as **Exhibit "A"** is a copy of the Factoring and Security Agreement (the "Financing Agreement") to be entered into by the Debtor and the Lender. The Lender and the Debtor wish to continue this Financing Agreement for at least sixty (60) days. The Debtor can adequately protect the interests of the Lender by a lien on Debtor's receivables. The financing will be used to continue the Debtor's ongoing operations and pay expenses as set forth on the budget attached hereto as **Exhibit "B."** The Debtor intends to rearrange its affairs and needs to continue this financing arrangement to operate in order to pay its ongoing expenses, generate income and propose a plan in this case.

5. This is an emergency matter since the Debtor has no outside sources of funding available to it and must rely on the use of receivables financing to continue its operations.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully requests that this Court enter an Order approving the Financing Agreement attached hereto as Exhibit "A," and for such other and further relief to which Debtor may be justly entitled.

Dated: May 2, 2017.

                                       Respectfully submitted,

                                       */s/ Joyce W. Lindauer*
                                       Joyce W. Lindauer
                                       State Bar No. 21555700
                                       Sarah M. Cox
                                       California State Bar No. 245475
                                       Jamie N. Kirk
                                       State Bar No. 24076485
                                       Jeffery M. Veteto
                                       State Bar No. 24098548
                                       Joyce W. Lindauer Attorney, PLLC
                                       12720 Hillcrest Road, Suite 625
                                       Dallas, Texas 75230
                                       Telephone: (972) 503-4033
                                       Facsimile: (972) 503-4034
                                       PROPOSED ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on May 2, 2017, a true and correct copy of the foregoing document was served via email upon the parties listed below and via United States first class mail, postage prepaid, upon the parties on the attached service list.

Cassandra Knight
Apex Capital Corp.
6000 Western Place, Suite 1000
Fort Worth, TX 76107
Email: Cassandra.knight@apexcapitalcorp.com
        aepink@apexcapitalcorp.com

Marc F. Salitore
Office of the U.S. Trustee
110 N. College Avenue, Suite 300
Tyler, TX 75702
Email: marc.f.salitore@usdoj.gov

                                       */s/ Joyce W. Lindauer*
                                       Joyce W. Lindauer

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 17-40860<br>Eastern District of Texas<br>Sherman<br>Mon May  1 11:59:19 CDT 2017 | ABC/Amega<br>500 Seneca Street Ste 400<br>Buffalo, NY 14204-1963 | Attorney General of Texas<br>Bankruptcy Division<br>PO Box 12548<br>Austin, TX 78711-2548 |
| BMO<br>P.O. Box 3040<br>Cedar Rapid, IA 52406-3040 | BMO<br>P.O. Box 3040<br>Cedar Rapids, IA 52406-3040 | Eboney Cobb<br>Perdue Brandon Fielder Collins & Mott<br>500 E. Border Street, Suite 640<br>Arlington, TX 76010-7457 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Internal Revenue Service<br>Centralized Insolvency<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | Internal Revenue Service<br>Mail Code DAL-5020<br>1100 Commerce Street<br>Dallas, Texas 75242-1100 |
| Joyce W. Lindauer<br>12720 Hillcrest Road<br>Suite 625<br>Dallas, TX 75230-2163 | Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | McKinney Trailer Rentals<br>2723 Carl Rd<br>Irving, TX 75062-6440 |
| Nets Trailer Leasing of Texas<br>902 W Oakdale Rd<br>Grand Prairie, TX 75050-7308 | Princeton ISD<br>C/O PERDUE, BRANDON, FIELDER, ET AL<br>500 E. Border St. Ste. 640<br>Arlington, TX 76010-7457 | Southern Tire Mart<br>Dept 143<br>P.O. Box 1000<br>Memphis, TN  38148-0143 |
| SunRise Trucking Inc.<br>8421 McKissick Meadows Rd.<br>Princeton, TX 75407-2519 | Texas Workforce Commission<br>101 East 15th Street<br>Austin, TX 78778-0001 | U. S. Attorney<br>110 N. College Ave.<br>Suite 700<br>Tyler, TX 75702-0204 |
| U. S. Trustee's Office<br>110 N. College Street<br>Suite 300<br>Tyler, TX 75702-7231 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| United Rental<br>3515 Trailer Dr<br>Charlotte, NC 28269-4401 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Comptroller of Public Accts<br>Rev Acctg Div/Bankruptcy Dept<br>PO BOX 13528<br>Austin, TX 78711 | End of Label Matrix<br>Mailable recipients    21<br>Bypassed recipients     0<br>Total                  21 |

# FACTORING AGREEMENT



This Factoring Agreement is entered into on and effective as of <u>April 25, 2013,</u> by and between Apex Cap... Apex Capital or Apex, a Texas corporation with offices at 6000 Western Place, Suite 1000, Fort Worth, Texas 76107 ("Apex"), and <u>Sunrise Trucking Inc</u>, a Texas corporation with offices at <u>7700 Rockledge Drive , McKinney, TX 75071</u> ("Client"). Client transacts business under [its company name and the trade name(s): <u>Sunrise Trucking</u>.]

Client and Apex agree that the following provisions and the provisions of Apex's Factoring Terms and Conditions constitute the terms upon which Apex shall act as Client's sole factor. Apex's Factoring Terms and Conditions, provided to Client with this Factoring Agreement and also available upon login to the Apex online system, are incorporated herein by this reference as though fully set forth herein. Such terms and conditions may be updated by Apex from time to time. Continued use of Apex's factoring services by Client for a period of ninety (90) days after Client is advised of any such update shall constitute Client's acceptance of the revised terms and conditions. In the event of conflict between this Factoring Agreement and Apex's Factoring Terms and Conditions, this Factoring Agreement shall control.

## SECTION A. Definitions

Apex's Factoring Terms and Conditions contain definitions of the capitalized terms appearing below. In addition, the capitalized terms defined in this section shall have the meanings indicated when used in Apex's Factoring Terms and Conditions.

A.1 "Factoring Fee" – A fee equal to a percentage of the Net Amount of each Account. The Factoring Fee on each purchased Account will increase based upon the number of days the Account is outstanding before the Collection Date, as shown in the following schedule:

| If the number of days the Account is outstanding is: | The Factoring Fee will be: |
|---|---|
| 0-60 | 2.95% |

A.2 "Recourse Date" – With respect to any Account, the date which is [sixty (60) days] from the date of the underlying invoice.

A.3 "Reserve Percentage" – [ten percent (10%)].

A.4 "Term" – A period of [sixty (60) days] commencing [April 25, 2013].

## SECTION B. Collateral Security

As collateral security for all Obligations, Client hereby assigns and grants to Apex a continuing security interest in: (i) all of Client's presently existing and hereafter created Accounts and general intangibles and the proceeds thereof; (ii) all monies, securities and other property now or hereafter held or received by, or in transit to Apex from or for Client, whether for safekeeping, pledge, custody, transmission, collection or otherwise, and all of Client's deposits and credit balances in Apex's possession; (iii) all books, records and other property at any time evidencing or relating to the Accounts; and (iv) the proceeds of any insurance policies covering any of the foregoing. Recourse to the collateral security herein provided shall not be required, and Client shall at all times remain liable for the payment and performance of the Obligations upon demand by Apex.

## SECTION C. Specific Modifications of Factoring Terms and Conditions

To set forth requirements for Client's utilization of Apex's copy processing services ("Copy Processing"), Section 6.1 of Apex's Factoring Terms and Conditions is hereby modified by deleting the first four sentences thereof and substituting the following in their place: Client shall, from time to time, execute and deliver to Apex confirmatory schedules of Accounts sold to Apex, together with copies of each invoice, all pages of acceptable evidence of shipment and such other documentation and proofs of delivery as Apex may require. Such schedules and copies must be submitted to Apex either: (i) online through the Apex website; or (ii) by email or facsimile, in one PDF document, with the assignment sheet and all invoices properly barcoded using barcodes supplied by Apex. Each invoice shall bear a notice, in form satisfactory to Apex, that it has been sold and assigned to and is payable only to Apex. Apex shall deliver all invoices to Client's customers. In the case of Client's first schedule, Client will send Apex originals of all pages of all shipment and such other documentation and proofs of delivery ("Originals") prior to Apex's purchase of the related invoices. Thereafter, during the first ninety (90) days following Apex's receipt of Client's first schedule ("Orientation Period"), Client will send Originals to Apex within ten (10) days of Apex's purchase of the related invoices. Following the Orientation Period, Client need only provide Originals, within ten (10) days of Apex's purchase of the related invoices, for those customers of Client who require Originals



prior to payment. Originals sent to Apex must be submitted behind a copy of the first page of the related invoice, which will be made available to Client by Apex with an unresolved issues report or otherwise. Client's repeated failure to follow the foregoing requirements for Copy Processing, or account debtor payment difficulties, as determined by Apex in its sole and absolute discretion, may result in charges for special handling and/or termination of Client's ability to utilize Copy Processing. In the event of such termination, the modifications of Apex's Factoring Terms and Conditions made by this SECTION C shall no longer be effective. Exhibit "B" of the Factoring Terms and Conditions is hereby modified by removing "$375.00" for the Set-Up Charge (One-time only), and replacing it with "WAIVED."

**SECTION D. Signatures**

This Factoring Agreement may be signed in any number of counterparts, each of which shall be original, with the same effect as if all signatures were upon the same instrument. Signatures may be affixed manually or digitally and delivery of an executed counterpart of the signature page to this Factoring Agreement by facsimile or by electronic means shall be as effective as delivery of a manually executed counterpart, and any party delivering such an executed counterpart by facsimile or electronic means to any other party shall thereafter also promptly deliver a manually executed counterpart to such other party, provided that the failure to deliver such manually executed counterpart shall not affect the validity, enforceability or binding effect of this Factoring Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Factoring Agreement to be executed as of the date first above written.

APEX CAPITAL CORP

By: _____
David N. Baker, President

Client: _____ Sunrise Trucking Inc _____

By: _____
Name: _____ Michael Dalebont _____
Title: _____ President _____

*Notarization for Client's signature*

State of __Texas__
County of __Tarrant__

This instrument was acknowledged before me this 25th day of April, 20 13, by __Michael Dalebont__
(name of person acknowledging)

☐ Personally known  -- OR --  ☒ Produced __D.L.__ as identification.

_____
(Signature of Notary Public)

__Sara Joseph__
(Printed Name of Notary)

My Commission Expires: 06/19/2015

SARA JOSEPH
Notary Public, State of Texas
My Commission Expires
June 19, 2015



America's Favorite Factor

March 9, 2016

Sunrise Trucking Inc
Michael Dalebont
7700 Rockledge Drive
Mckinney, TX 75071

Dear Michael,

     Accompanying this letter is an Amendment to Factoring Agreement revising the terms of your current Factoring Agreement in accordance with our recent discussions.

     If you are in agreement with the terms of the Amendment, please sign and send it back to Apex by email or facsimile within three (3) business days. Upon Apex's receipt of the signed Amendment, a copy will be made available for your records.

     If Apex does not receive the signed Amendment back from you within that time frame, the terms of your current Factoring Agreement will continue in effect and the Amendment will not become effective.

     Thank you for your cooperation.

                                                  Very truly yours,

                                                  Cassandra Knight
                                                  Account Executive



March 9, 2016

Sunrise Trucking Inc
Michael Dalebont
7700 Rockledge Drive
Mckinney, TX 75071

VIA EMAIL:mcdsunrise@msn.com

Dear Michael:

Effective for all invoices purchased after the date you sign and deliver this amendment to us, the Factoring Agreement entered into between Apex Capital Corp and Sunrise Trucking Inc, on April 25, 2013, is amended as follows:

Section A.1 of the Factoring Agreement is hereby amended to read in its entirety as follows:

"Factoring Fee" – A fee equal to a percentage of the Net Amount of each Account. The Factoring Fee on each purchased Account will increase based upon the number of days the Account is outstanding before the Collection Date, as shown in the following schedule:

| If the number of days the Account is outstanding is: | The factoring fee will be: |
|---|---|
| 0-35 | 1.50% |
| 36-45 | 2.00% |
| 46-60 | 2.25% |
| 61-75 | 2.95% |

Notwithstanding the foregoing, the Factoring Fee on all Accounts owing by Amcor Rigid Plastics USA Inc ("AMCORPETPACK") and Amcor Rigid Plastics USA Inc ("AMCCORRIGIDTX") will be one & 50/100 percent (1.50%).

Except as expressly amended by this letter, the Factoring Agreement, as previously amended, shall continue in full force and effect in accordance with its existing terms and provisions.

You agree that you shall not during the term of the Factoring Agreement or at any time after the termination or expiration thereof, disclose to any third party the rates, terms and conditions of this letter.

Please indicate your acceptance of the terms of this letter by signing this letter in the space provided below and returning the signed copy to the undersigned by facsimile.

Sincerely,                                          ACCEPTED AND AGREED:

Apex Capital Corp                                   Sunrise Trucking Inc

                                                    DocuSigned by:
                                                    Michael C Dalebout      3/11/2016
By:_____                  By:_____
                        Date                        BC107208F8984EB...            Date
David N. Baker                                      Michael Dalebont
President                                           President

SunRise Trucking Inc.
Monthly Budget

| | |
|---|---:|
| **INCOME:** | |
| Shuttle | $57,848.00 |
| OTR | $15,000.00 |
| Amcor Dallas | $12,326.00 |
| Dallas Dunnage | $1,250.00 |
| Amcor Paris | $7,310.00 |
| Campbells Paris | $4,220.00 |
| Paris Dunnage | $770.00 |
| Amdec | $4,037.00 |
| Aloe Vera | $1,013.00 |
| Preforms Waco | $4,814.00 |
| Bottles to Coke | |
|   *** ends July 1st | $19,000.00 |
| Total Income: | $127,588.00 |
| | |
| **EXPENSES:** | |
| Insurance | |
|   5 trucks & 45 Trailers | $12,923.43 |
| One Beacon | |
|   Worker's Comp | $1,500.40 |
| Safeco Insurance | $743.72 |
| AT&T Cell Phones | $350.00 |
| AT&T Internet | $129.00 |
| Trailer Leases | $16,455.00 |
| Prepass | $35.30 |
| Pikepass | $180.00 |
| Maintenance | $7,000.00 |
| IFTA | $150.00 |
| Owner Draw | $1,020.00 |
| Miscellaneous | |
|   Roadside Assistance, | |
|   Small Repairs | $1,000.00 |
| Payroll | $51,795.00 |
| Fuel | $23,516.00 |
|   Total Expenses: | $116,797.85 |
| | |
| **NET INCOME:** | $10,790.15 |

**EXHIBIT "B"**